UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ENGLERT,<br><br>   Plaintiff,<br><br>   v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>   Defendant. | Case No. 15-cv-04814-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF**<br><br>Re: Dkt. No. 20 |

Pending before the Court is Defendant The Prudential Insurance Company of America's motion to dismiss Plaintiff Peter Englert's second claim for relief. Dkt. No. 20. Having considered Defendant's motion to dismiss, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

On October 19, 2015, Plaintiff filed this action against The Prudential Insurance Company of America ("Defendant") and Does 1-20. Dkt. No. 1 ("Compl."). The complaint articulates two claims for relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"):  (1) a § 502(a)(1)(B) claim for recovery of wrongfully withheld long-term disability ("LTD") benefits, prejudgment interest, attorneys' fees, and costs; and (2) a § 502(a)(3) claim for equitable relief in the form of a permanent injunction preventing Defendant and Does 1-20 from serving as fiduciary with respect to Plaintiff's LTD plan, full payment of LTD benefits due, prejudgment interest, disgorgement of profits, surcharge, an injunction against termination of benefits during the maximum benefit period, attorneys' fees, costs, and other make-whole relief. *Id.* ¶¶ 21-36.

For purposes of this motion, the Court accepts the following as true:

At all relevant times, Plaintiff was employed by JP Morgan Chase Bank as a Sales Associate and participated in a group LTD plan sponsored by JP Morgan Chase Bank and underwritten by Defendant (the "Plan"). *Id.* ¶¶ 6-7. The Plan qualifies as a welfare benefit plan governed by ERISA, and Defendant was and is the Plan's *de facto* co-plan administrator and co-claims fiduciary. *Id.* ¶ 9. While Plaintiff was an employee of JP Morgan Chase Bank and a recipient under the Plan, Plaintiff experienced severe chronic back pain forcing him to take medical leave effective October 18, 2011. *Id.* ¶¶ 8, 13.

Plaintiff received short-term disability benefits for about seven months, and on November 20, 2012, Defendant sent Plaintiff a letter informing him that his LTD benefits claim had been approved. *Id.* ¶¶ 14-15. However, on September 16, 2013, Defendant terminated Plaintiff's LTD benefits. *Id.* ¶ 16. Plaintiff appealed the termination, and on June 2, 2014, Defendant paid Plaintiff back benefits, but only to May 21, 2014. *Id.* On November 25, 2014, Plaintiff submitted another appeal, and on January 14, 2015, Defendant again conceded its error and paid Plaintiff back benefits, but only to December 6, 2014. *Id.* On July 9, 2015, Plaintiff filed his third appeal, and Defendant denied the appeal on September 15, 2015. *Id.* ¶¶ 16-17.

Defendant's "vexatious method of reinstating only back benefits instead of acknowledging ongoing disability put Plaintiff in the stressful position of being in a constant and perpetual state of appeal" and caused Plaintiff "severe economic hardship and emotional distress." *Id.* ¶¶ 19, 21. Meanwhile, Defendant "benefitted significantly through reduction of the statutory loss reserve previously maintained on Plaintiff's claim." *Id.* As a result of Defendant's conduct, JP Morgan Chase Bank terminated Plaintiff's leave of absence and employment, "causing Plaintiff to incur unanticipated costs for individual health insurance and other benefits." *Id.* ¶ 23.

On December 31, 2015, Defendant filed the pending motion to dismiss Plaintiff's § 502(a)(3) claim for equitable relief in its entirety. Dkt. No. 20 ("MTD").

**II.    DISCUSSION**

    **A.    Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**B.     Analysis**

Defendant urges the Court to dismiss Plaintiff's § 502(a)(3) claim for four reasons: (1) equitable relief is not available under § 502(a)(3) because adequate relief is available under § 502(a)(1)(B); (2) disgorgement of profits constitutes impermissible extracontractual damages; (3) allowing a § 502(a)(3) breach of fiduciary duty claim based on denial of benefits would frustrate ERISA's key policy of promoting the efficient and inexpensive resolution of benefits disputes; and (4) Plaintiff's allegations fail to meet *Twombly*'s pleading requirements.

**i.     Adequate Relief Available Elsewhere**

Defendant contends that Plaintiff's § 502(a)(3) claim for equitable relief "is nothing more than a repackaging of his ERISA § 502(a)(1)(B) claim," and thus, Plaintiff does not allege a claim for "appropriate equitable relief" under ERISA § 502(a)(3). *See* MTD at 4-5.

ERISA § 502(a)(1)(B) permits an ERISA participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA's catch-all provision, § 502(a)(3), permits an action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress

3

such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

The Supreme Court has recognized that "where Congress elsewhere provide[s] adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). In the Ninth Circuit, a plaintiff may bring a claim for "individual relief for a breach of fiduciary duty in an ERISA action [under § 502(a)(3)] only where no other adequate relief is available." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) *aff'd*, 525 U.S. 299 (1999) *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *see also Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (holding that "Section 1132(a)(3) is a 'catchall' or 'safety net' designed to offer appropriate equitable relief for injuries caused by violations that § 1132 does not elsewhere adequately remedy"). However, "[a] claim for relief under section (a)(1)(B) does not automatically preclude a claim under section (a)(3), especially at the pleading stage." *Bush v. Liberty Life Assurance Co. of Boston*, 77 F. Supp. 3d 900, 908 (N.D. Cal. 2015). Courts in this district have found § 502(a)(3) claims cognizable in conjunction with § 502(a)(1)(B) claims "particularly where the relief sought in connection with each claim is distinct." *Id.*

Thus, to the extent that Plaintiff's requests for relief under § 502(a)(3) are adequately provided for by another ERISA subsection such as § 502(a)(1)(B), Plaintiff's § 502(a)(3) claim must be dismissed. Accordingly, the Court will address each of Plaintiff's requests for relief under § 502(a)(3).

### a. Permanent Injunction Against Defendants Serving as Fiduciary to the Plan

Plaintiff's § 502(a)(3) claim first requests a "judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan." Compl. ¶ 36. However, the Ninth Circuit has expressly proscribed removal of an ERISA fiduciary under ERISA's catch-all provision because such remedy is provided for under ERISA §§ 1109(a) and 1132(a)(2). *Wise*, 600 F.3d at 1190; *see also Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274, 1279

4

(N.D. Cal. 2012) (holding that an injunction against defendant from ever again serving as fiduciary to the plan under § 502(a)(3) is precluded by *Wise*).

Accordingly, Plaintiff cannot assert a § 502(a)(3) claim to enjoin Defendant from ever again serving as fiduciary to the Plan, and Defendant's motion to dismiss is GRANTED as to this form of relief.[1]

### b. Back Benefits and Prejudgment Interest

Next, Plaintiff's § 502(a)(3) claim requests "an order by this Court that the full amount of benefits due since December 7, 2014, be paid with interest on all retroactive payments due and owing." Compl. ¶ 36.

Section 502(a)(1)(B) permits Plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). If Plaintiff recovers LTD benefits due under § 502(a)(1)(B), it is within the Court's discretion to also award prejudgment interest. *See Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985).

Thus, to the extent that Plaintiff's § 502(a)(3) claim seeks unpaid LTD disability benefits and prejudgment interest, § 502(a)(1)(B) provides adequate relief. *See Gurasich v. IBM Ret. Plan*, No. C-14-02911 DMR, 2014 WL 5454525, at *5 (N.D. Cal. Oct. 27, 2014) (dismissing plaintiff's claim under § 502(a)(3) "for payment of past and future benefits" because it was "duplicative of [p]laintiff's first cause of action [under § 502(a)(1)(B)]"); *Brady*, 902 F. Supp. 2d at 1279 ("*Wise* also precludes an action to seek past and future ERISA covered benefits under section [502(a)(3)].").

The appropriate avenue for recovering unpaid LTD benefits and prejudgment interest

---

[1] The Court cautions Plaintiff that if he chooses to amend his complaint to request removal of Defendants as fiduciaries to the Plan under §§ 1109(a) or 1132(a)(2), the amended complaint must include sufficient facts to plausibly allege that Defendants violated their duties with respect to more than just Plaintiff's individual LTD benefits claim. *See Wise*, 600 F.3d at 1189 (dismissing plaintiff's claim for removal of plan fiduciaries because he failed to allege that defendant fiduciaries "violated their duties with respect to anything other than [plaintiff's] individual claim").

5

under an ERISA plan is § 502(a)(1)(B), not ERISA's catch-all provision. As such, Defendant's motion to dismiss is GRANTED as to this requested relief.

### c. Injunction Against Future Termination of Benefits

Plaintiff also requests an injunction preventing Defendant "from terminating benefits for the duration of the applicable maximum benefit period under the Plan." Compl. ¶ 36.

This request is nothing more than a plea "to clarify [Plaintiff's] rights to future benefits under the terms of the plan," which is available relief under § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B). As such, Plaintiff cannot seek this relief under ERISA's catch-all provision. *See Ramos v. United Omaha Life Ins. Co.*, No. C 12-3761 PJH, 2013 WL 60985, at *8 (N.D. Cal. Jan. 3, 2013) (granting defendant's motion to dismiss because "an injunction barring [defendant] from terminating benefits for the duration of the applicable benefit period essentially duplicates the request in the § 1132(a)(1)(B) claim for a declaration as to entitlement to future benefits); *Brady*, 902 F. Supp. 2d at 1285-86.

The Court GRANTS Defendant's motion to dismiss insofar as Plaintiff seeks an injunction against termination of his benefits for the maximum allowable period under the Plan.

### d. Attorneys' Fees and Costs

Next, Plaintiff requests attorneys' fees and costs under § 502(a)(3). Compl. ¶ 36.

Here, too, ERISA has provided for this requested relief elsewhere. Under § 502(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g)(1). Plaintiff may not resort to ERISA's catch-all provision for attorneys' fees and costs available under § 502(g)(1). *See Wise*, 600 F.3d at 1190; *Brady*, 902 F. Supp. 2d at 1285.

Therefore, the Court GRANTS Defendant's motion to dismiss with respect to Plaintiff's request for attorneys' fees and costs under § 502(a)(3).

### e. Disgorgement of Profits, Surcharge, and Other Make-Whole Relief

In light of the above, the Court is left with Plaintiff's requests for disgorgement of profits, surcharge, and other make-whole relief. *See* Compl. ¶ 36.

Construing the pleadings in the light most favorable to Plaintiff, the Court finds that

Plaintiff's requests for disgorgement, surcharge, and other make-whole relief under ERISA's catch-all provision are not duplicative of his § 502(a)(1)(B) claim. Plaintiff alleges that in addition to wrongfully denying Plaintiff's LTD benefits, Defendant engaged in a pattern and practice of denying legitimate claims to maximize profits and keep claimants in a constant state of appeal. Compl. ¶¶ 19, 36; *see Fowler v. Aetna Life Ins. Co.*, No. C 08-03463 WHA, 2008 WL 4911172, at *3 (N.D. Cal. Nov. 13, 2008). Plaintiff contends that as a result of Defendant's breach of fiduciary duty, Plaintiff's employer terminated his leave of absence and employment, "causing Plaintiff to incur unanticipated costs for individual health insurance and other benefits." Compl. ¶ 23. It is not clear at this stage that § 502(a)(1)(B), or any other ERISA subsection, provides adequate make-whole relief for Plaintiff's injuries such as his loss of employment and increased benefit costs. Accordingly, it would be premature for the Court to dismiss Plaintiff's § 502(a)(3) claim for disgorgement, surcharge, and other make-whole relief. *See Caplan v. CNA Short Term Disability Plan*, 479 F. Supp. 2d 1108, 1112-13 (N.D. Cal. 2007) (finding it premature to dismiss in its entirety plaintiff's § 502(a)(3) claim when plaintiff had requested forms of relief that might not be available under § 502(a)(1)(B)); *Ehrman v. Standard Ins. Co.*, No. C06-05454MJJ, 2007 WL 1288465, at *4-5 (N.D. Cal. May 2, 2007) (same).

In support of its argument that Plaintiff cannot bring both a § 502(a)(1)(B) claim and a § 502(a)(3) claim requesting disgorgement for breach of fiduciary duty, Defendant cites two cases: (1) *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015) and (2) *Rombeiro v. Unam Ins. Co. of Am.*, 761 F.Supp.2d 862 (N.D. Cal. 2010). The Court is unpersuaded.

In *Rochow*, the Sixth Circuit reversed the district court's award of disgorgement of profits for breach of fiduciary duty where the court had also awarded recovery of benefits. *Rochow*, 780 F.3d at 375. As an initial matter, *Rochow* is a Sixth Circuit case and is not binding on this Court. *Bush v. Liberty Life Assurance Co. of Boston*, No. 14-CV-01507-YGR, 2015 WL 5475082, at *4 (N.D. Cal. Sept. 16, 2015). Further, the *Rochow* court held that Supreme Court and Sixth Circuit precedent prohibit a "duplicative recovery" for breach of fiduciary duty under ERISA's catch-all provision "absent a showing that the § 502(a)(1)(B) remedy is inadequate." *Rochow*, 780 F.3d at 371. Here, Plaintiff has alleged that Defendant's breach of fiduciary duty resulted in the

7

1    termination of his employment and unanticipated costs for individual health insurance and other
2    benefits. Compl. ¶ 23. Unlike in *Rochow*, Plaintiff has sufficiently pled that a § 502(a)(1)(B)
3    would be inadequate.
4          In *Rombeiro*, Judge Illston held that "disgorgement of profits is the same as monetary
5    relief, and because monetary relief is available to [plaintiff] against the plan and plan administrator
6    under Section [502(a)(1)], plaintiff is not entitled to sue [] defendants under Section [502(a)(3)]."
7    *Rombeiro*, 761 F. Supp. 2d at 873. First, the Court notes that *Rombeiro* was decided on a motion
8    for summary judgment, not on a motion to dismiss. *Id.* Moreover, *Rombeiro* was decided before
9    the Supreme Court recognized, five months later, that in "a suit by a beneficiary against a plan
10   fiduciary" for a "loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust
11   enrichment," a court can award under § 502(a)(3) a "monetary remedy against a trustee,
12   sometimes called a 'surcharge.'" *CIGNA Corp. v. Amara*, 563 U.S. 421, 439-42 (2011); *see also*
13   *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 963 (9th Cir. 2014). Thus, in the wake of
14   *Amara*, this Court reads *Rombeiro* to permit monetary relief for a breach of fiduciary duty under
15   ERISA's catch-all provision when such relief is not duplicative of a plaintiff's claim under
16   § 502(a)(1)(B).
17         In light of *Amara*, at the motion to dismiss stage the Court cannot hold that Plaintiff's
18   requests for disgorgement, surcharge, and other make-whole relief under § 502(a)(3) are
19   adequately remedied elsewhere under ERISA. The Court DENIES Defendant's motion to dismiss
20   Plaintiff's requests for disgorgement, surcharge, and other make-whole relief on the basis that
21   such relief is duplicative of his § 502(a)(1)(B) claim.

      **ii.   Disgorgement of Profits as an Impermissible Claim for Extracontractual Damages**

24         Defendant contends that Plaintiff's request for disgorgement of profits also should be
25   dismissed because it would result in a windfall for Plaintiff that "would be inconsistent with
26   ERISA's remedial scheme" and would constitute impermissible extracontractual damages. MTD
27   at 9-10. In support of this argument, Defendant cites *Massachusetts Mut. Life Ins. Co. v. Russell*,
28   473 U.S. 134, 146 (1985) and *Sokol v. Bernstein*, 803 F.2d 532, 536 (9th Cir. 1986). MTD at 10-

11.

"ERISA is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans." *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1035 (9th Cir. 2006) (quoting *Batchelor v. Oak Hill Med. Grp.*, 870 F.2d 1446, 1449 (9th Cir. 1989)). Further, "§ 502(a) of the statute as finally enacted . . . provide[s] strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Russell*, 473 U.S. at 146. In *Russell*, the Supreme Court held that ERISA § 409 does not permit a beneficiary to recover extracontractual damages for mental or emotional distress resulting from a delay in processing a disputed claim. *Russell*, 473 U.S. at 146. Later, in *Sokol*, the Ninth Circuit extended the Supreme Court's holding and found that a beneficiary also cannot seek extracontractual damages for emotional distress under § 502(a)(3). *Sokol*, 803 F.2d at 536.

However, in light of the Supreme Court's more recent holding in *Amara*, the Court finds *Russell* and *Sokol* distinguishable from Plaintiff's claims here. As discussed above, the *Amara* court held that in "a suit by a beneficiary against a plan fiduciary" for a "loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment," a court can award in equity a "monetary remedy against a trustee, sometimes called a 'surcharge.'" *Amara*, 563 U.S. at 439-42; *see also Gabriel*, 773 F.3d at 963. Plaintiff's request for disgorgement of profits is much more akin to the "surcharge" permissible under *Amara* than the mental and emotional distress damages prohibited by *Russell* and *Sokol*. Defendant cites no authority classifying disgorgement of profits (or surcharge) as prohibited extracontractual damages under § 502(a)(3).

At the motion to dismiss stage, the Court cannot find that disgorgement of profits constitutes the type of extracontractual damages foreclosed as a matter of law by *Russell* and *Sokol*. *See also Bush v. Liberty Life Assurance Co. of Boston*, 77 F. Supp. 3d 900, 909 (N.D. Cal. 2015).

### iii. ERISA's Policy of Promoting Efficiency

In the alternative, Defendant maintains that Plaintiff's § 502(a)(3) claim should be dismissed in its entirety because it would frustrate ERISA's policy "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."

1  MTD at 12-13 (quoting *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d
2  1173, 1178 (9th Cir. 2005)).

3      While the Court acknowledges that ERISA aims to increase efficiency in resolving
4  benefits disputes, the Court disagrees that Plaintiff's claims, which allege more than a simple
5  denial of benefits, must be foreclosed as a matter of law in pursuit of efficiency.  Congress has
6  explicitly provided an avenue for beneficiaries to obtain "other appropriate equitable relief" under
7  § 502(a)(3), and as such, Plaintiff is entitled to his day in court.

        **iv.    Failure to Plausibly Plead a § 502(a)(3) Claim**

9      Finally, Defendant asserts that Plaintiff's § 502(a)(3) allegations fail to meet the pleading
10  requirements articulated in *Iqbal* and *Twombly*.  MTD at 13; Reply at 14.

11      The Court is unpersuaded.  Plaintiff has plausibly alleged facts to support his claims that
12  Defendant "[c]onsciously, unreasonably and intentionally" provided Plaintiff with only back
13  benefits following his numerous appeals, which forced Plaintiff into "a constant and perpetual
14  state of appeal."  Compl. ¶¶ 19, 36.  Plaintiff's facts are "more than labels and conclusions" and
15  raise Plaintiff's claims beyond "a sheer possibility" that Defendant acted unlawfully.  *See*
16  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

17      For the aforementioned reasons, the Court DENIES Defendant's motion to dismiss
18  Plaintiff's § 502(a)(3) claim to the extent that Plaintiff seeks the equitable remedies of
19  disgorgement, surcharge, and other make-whole relief.  In doing so, the Court is cognizant of the
20  Supreme Court's guidance to fashion "appropriate equitable relief" keeping in mind "the special
21  nature and purpose of employee benefit plans," and "the policy choices reflected in the inclusion
22  of certain remedies and the exclusion of others."  *Varity Corp.*, 516 U.S. at 515.  Although
23  dismissal would be premature at this stage, as the case progresses, the Court will evaluate whether
24  a more fully-developed record supports a finding that Plaintiff's requested remedies constitute
25  "appropriate equitable relief."  *See Fowler*, 2008 WL 4911172, at *5; *Ehrman*, 2007 WL 1288465,
26  at *5.

### III. CONCLUSION

Defendant is correct that many of Plaintiff's requested forms of equitable relief are not cognizable under § 502(a)(3) because ERISA provides for such relief elsewhere. However, at the motion to dismiss stage, the Court cannot foreclose the possibility that Plaintiff's requests for disgorgement of profits, surcharge, and other make-whole relief constitute "other appropriate equitable relief" under ERISA's catch-all provision. Accordingly, Defendant's motion to dismiss is DENIED as to Plaintiff's requests for disgorgement of profits, surcharge, and other make-whole relief under § 502(a)(3). It is GRANTED as to the remainder of Plaintiff's requests for relief under § 502(a)(3). Plaintiff may file an Amended Complaint by no later than 21 days from the date of this Order. The Court sets a case management conference for June 21, 2016.

**IT IS SO ORDERED.**

Dated: 5/13/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge