UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ENGLERT,

          Plaintiff,

    v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

          Defendant.

Case No.  15-cv-04814-HSG

**ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING MOTION FOR
DETERMINATION OF STANDARD OF
REVIEW; SETTING CASE
MANAGEMENT CONFERENCE**

Re: Dkt. Nos. 38, 41

Pending before the Court are Plaintiff Peter Englert's ("Plaintiff") motion for partial summary judgment, Dkt. No. 38, and Defendant Prudential Insurance Company of America's ("Defendant") motion for determination of the standard of review, Dkt. No. 41. These motions arise from Plaintiff's action seeking recovery of employee benefits and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. No. 1 ("Compl."). The parties have each filed oppositions to the respective motions. Dkt. Nos. 42, 43. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for partial summary judgment and **DENIES** Defendant's motion for determination of the standard of review.

## I.     BACKGROUND

At all relevant times, Plaintiff was a sales associate at JP Morgan Chase Bank ("JPMCB"), and participated in a group long-term disability ("LTD") plan sponsored by JPMCB and underwritten by Defendant. Compl. ¶¶ 6-7. The Parties agree that Plaintiff's LTD benefits stem from an employee welfare benefit plan that is governed by ERISA. *Id*. at ¶¶ 7-9; Dkt. No. 33 ("Answer") ¶¶ 7-9. The LTD benefits are detailed, referenced, and/or evidenced in the Group Insurance Contract and the Group Insurance Certificate titled "Long Term Disability Coverage" (collectively the "Policy"). Dkt. No. 41, Ex. 1-2. Other documents related to the benefits include:

United States District Court
Northern District of California

(1) a Claims and Appeals section appended to the Policy ("Claims and Appeals"), a Plan Administration Summary Plan Description ("Plan Administration SPD"), (2) a Long-Term Disability Plan Summary Plan Description ("Long-Term Disability SPD"),[1] and (3) a Health & Income Protection Program for JPMCB and Certain Affiliated Companies/JPMC Health Care and Insurance Program for Active Employees (the "Master Wrap Plan" or "Plan").  Dkt. No. 41, Exs. 2-5; Dkt. No. 38, Exs. D, E.

Defendant was and is the *de facto* co-plan administrator and the provider of LTD benefits.  Compl. ¶ 9; Answer ¶ 9.  Plaintiff alleges that while he was an employee of JPMCB and a recipient under the Plan, he experienced severe chronic back pain forcing him to take medical leave effective October 18, 2011.  Compl. ¶¶ 8, 13.  On November 30, 2012, Defendant sent Plaintiff a letter informing him that his LTD benefits claim had been approved.  Dkt. No. 39, Ex. F.  However, on September 16, 2013, Defendant terminated Plaintiff's LTD.  Compl. ¶ 16; Answer ¶ 16.  Plaintiff appealed the termination, and on June 2, 2014, Defendant paid Plaintiff back benefits for the period beginning on September 17, 2013 and ending on May 21, 2014, before again terminating Plaintiff's benefits effective May 22, 2014.  Compl. ¶ 16; Answer ¶ 16.  On November 25, 2014, Plaintiff again appealed, and on January 14, 2015 Defendant again paid Plaintiff back benefits up to and including December 6, 2014, before again terminating benefits effective December 7, 2014.  Compl. ¶ 16; Answer ¶ 16.  On July 9, 2015, Plaintiff filed a third appeal, and Defendant affirmed its December 7, 2014 denial of benefits in a letter dated September 15, 2015, stating that Plaintiff's "file no longer supports an impairment which would prevent him from performing the material and substantial duties of his regular occupation."  Dkt. No. 39, Ex. C at PRU005025.

On October 19, 2015, Plaintiff filed this action against Defendant and Does 1-20.  *See generally* Compl.  The complaint articulates two causes of action under ERISA: (1) a claim for

---

[1] In Plaintiff's opposition to Defendant's motion for determination of the standard of review, Plaintiff contends that the Long-Term Disability SPD submitted by Defendant as Exhibit 4 is "entirely different from the SPD Plaintiff received while working at JP Morgan."  Dkt. No. 43 at 5.  However, because the Court finds that any language purporting to convey discretionary authority in the Policy or related Plan documents is void, the Court need not address this alleged discrepancy.

recovery of wrongfully withheld LTD benefits; and (2) a claim for equitable relief in the form of a permanent injunction preventing Defendant and Does 1-20 from serving as fiduciaries with respect to Plaintiff's LTD benefits plan. *Id.* ¶¶ 24-36. Plaintiff requests full payment of all LTD benefits due, pre-judgment interest, disgorgement of profits, surcharge, an injunction against termination of benefits during the maximum benefit period, attorneys' fees and costs, and other make-whole relief. *Id.*

On July 28, 2016, the parties filed cross-motions to determine the standard of review the Court must apply in assessing Plaintiff's first cause of action seeking recovery of disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). *See* Dkt. Nos. 38, 41. In his motion for partial summary judgment, Plaintiff contends that the Court should apply *de novo* review because the Policy, SPDs, and the Plan do not sufficiently confer discretion to trigger the more deferential abuse of discretion standard. Dkt. No. 38 at 3. Furthermore, Plaintiff contends that even if these documents did confer such discretion, these provisions would be voided under California Insurance Code §10110.6. *Id.* at 4. In contrast, Defendant argues that the Court must apply an abuse of discretion standard because the Plan sufficiently granted discretion and California Insurance Code § 10110.6 is preempted by ERISA. Dkt. No. 41 at 4-8.

## II. SUMMARY JUDGMENT LEGAL STANDARD

A motion for determining the standard of review in an ERISA suit may be brought as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Murphy v. Cal. Physicians Servs.*, No. 14-cv-02581, 2016 WL 5682567, at *1 (N.D. Cal. Oct. 3, 2016). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Addressing the standard of review at the pleadings stage has been found to be appropriate in ERISA suits where, for example, the "motions are directed at a single and specific question of law; both parties have attached the relevant Plan-related documents with their respective motion; and plaintiff has additionally submitted a statement of recent decision after the close of briefing." *Hirschkron v. Principal Life Ins. Co.*, 141 F. Supp. 3d 1028, 1029 (N.D. Cal. 2015). Because the motions here are specifically targeted at determination of the standard of review and the parties

1   have submitted extrinsic documents, the Court will treat both motions as motions for partial

2   summary judgment. *See id.*; Fed. R. Civ. P. 12(d); Dkt. No. 39, Exs. A-F; Dkt. No. 41, Exs. 1-5;

3   Dkt. Nos. 44, 45.

4       Summary judgment is proper where the pleadings and evidence demonstrate that "there is

5   no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of

6   law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also State*

7   *Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987) ("Partial summary

8   judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56

9   in order to limit the issues to be tried."). A material issue of fact is a question a trier of fact must

10  answer to determine the rights of the parties under the applicable substantive law. *Anderson v.*

11  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a

12  reasonable jury could return a verdict for the nonmoving party." *Id.*

13      The moving party bears "the initial responsibility of informing the district court of the

14  basis for its motion." *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party must

15  demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. To survive a motion

16  for summary judgment, the non-moving party must then show that there are genuine factual issues

17  that can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736,

18  738 (9th Cir. 2000). To do so, the non-moving party must present specific facts creating a genuine

19  issue of material fact. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The Court must review the

20  record as a whole and draw all reasonable inferences in favor of the non-moving party.

21  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

22  **III.    ANALYSIS**

23      **A.    ERISA Claims Standard of Review**

24      Participants of an employee benefit plan governed by ERISA may challenge the denial of

25  benefits pursuant to 29 U.S.C. § 1132. *See* 29 U.S.C. § 1132(a)(1)(B). A court must review a

26  denial of ERISA benefits under a "de novo standard unless the benefit plan gives the administrator

27  or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of

28  the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Abatie v.*

United States District Court
Northern District of California

4

*Alta Health & Life Ins. Co.*, 458 F. 3d 955, 963 (9th Cir. 2006) (en banc) ("De novo is the default standard of review."). Where the benefit plan grants discretionary authority to the plan administrator, the standard of review shifts to abuse of discretion. *Abatie*, 458 F.3d at 963. For a plan to be afforded the more lenient abuse of discretion standard, it must "unambiguously" provide discretion to the administrator. *Id.* Thus, to determine the appropriate standard of review, "the starting point is the wording of the plan." *Id.* at 962-63.

However, the Court need not reach the question of whether the Plan here afforded such discretion to Defendant because any provision to that effect would be void under California law. *See Nagy v. Grp. Long Term Disability Plan for Emps. of Oracle Am., Inc.*, 183 F. Supp. 3d 1015, 1026 (N.D. Cal. 2016). California Insurance Code § 10110.6 provides in relevant part:

> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.
>
> (b) For purposes of this section, "renewed" means continued in force on or after the policy's anniversary date.
>
> (c) For purposes of this section, the term "discretionary authority" means a policy provision that has the effect of conferring discretion on an insurer or other claim administrator to determine entitlement to benefits or interpret policy language that, in turn, could lead to a deferential standard of review by any reviewing court.
>
> . . . .
>
> (g) This section is self-executing. If a life insurance or disability insurance policy, contract, certificate, or agreement contains a provision rendered void and unenforceable by this section, the parties to the policy, contract, certificate, or agreement and the courts shall treat that provision as void and unenforceable.

Cal. Ins. Code § 10110.6. Section 10110.6 became effective January 1, 2012. *Id.* Defendant first denied Plaintiff's benefits in 2013 and subsequently affirmed its December 7, 2014 denial in a letter dated September 15, 2015. Compl. ¶ 16-17; Dkt. No. 38, Ex. C. Plaintiff's claim was thus

1    filed well after the statute went into effect, and it therefore governs the Court's analysis.  *See* Cal.

2    Ins. Code § 10110.6; *see also Grosz-Salomon v. Paul Revere Life Ins.*, 237 F.3d 1154, 1159 (9th

3    Cir. 2001) (ERISA cause of action based on denial of benefits accrues at the time the benefits are

4    denied).  Plaintiff's Policy also has an anniversary date of "January 1 of each year, beginning in

5    2012," and was thus renewed and continued in force after the effective date of the statute.  *See*

6    Dkt. No. 41, Ex. 1; Cal. Ins. Code § 10110.6(b).

7         As an initial matter, the Court notes that § 10110.6 would serve to void any discretionary

8    language contained in the Policy, because the statute applies to "polic[ies], contract[s],

9    certificate[s], or agreement[s]."  *See* Cal. Ins. Code § 10110.6(a).  However, Defendant contends

10   that because § 10110.6 specifies the terms "policy, contract, certificate, or agreement," the statute

11   cannot be applied to void discretionary clauses in the Plan and the various SPDs.  Dkt. No. 41 at 6.

12   Specifically, Defendant contends that because the Plan and SPDs are not part of the actual

13   insurance Policy, and the employer is not an insurer, any discretionary language contained in those

14   documents falls outside the purview of § 10110.6.  Dkt. No. 41 at 6-7; Dkt. No. 42 at 4-5.

15        Defendant's argument is unpersuasive.  While § 10110.6(c) defines discretionary authority

16   as a "policy provision" that has the effect of conferring discretion, this Court, along with

17   numerous other courts in this circuit, has extended § 10110.6 to void discretionary language in

18   related documents other than the insurance policy itself.  *See, e.g., Murphy*, 2016 WL 5682567, at

19   *6-7 (rejecting argument that § 10110.6 cannot apply to the "Employer Plan Document" because

20   such document is not an insurance contract and the employer is not an insurer); *Gallegos v.*

21   *Prudential Ins. Co. of Am.*, No. 16-cv-1268, 2017 WL 35517, at *3-4 (N.D. Cal. Jan. 3, 2017)

22   (holding that § 10110.6 voided discretionary language in SPD and reasoning that there is no

23   reason that the application of § 10110.6 should differ when the discretionary clause is "contained

24   in the agreement or another document relating to the administration of an insurance policy");

25   *Gonda v. The Permanente Med. Grp.*, 10 F. Supp. 3d 1091, 1095 (2014) (finding similarly that

26   § 10110.6 voided discretionary language in SPD and other ERISA plan documents that were not

27   included in the insurance policy); *Nagy*, 183 F. Supp. 3d at 1027 (holding that the defendant

28   insurer "cannot sidestep California's clear prohibition on discretionary clauses simply because it

6

United States District Court
Northern District of California

1    placed that clause in a document incorporated by reference into a policy where such a provision is

2    void.").

3         Defendant attempts to distinguish the present case from *Nagy* by arguing that the Plan in

4    *Nagy* had been incorporated into the insurance policy, Dkt. No. 42 at 5, whereas here the Plan was

5    not incorporated into the Policy.  *Id.*  However, this distinction is unpersuasive, as Defendant fails

6    to cite any authority holding that § 10110.6 should not be applied to the Plan on that basis.

7    Instead, in *Rapolla v. Waste Mgmt. Emp. Benefits Plan*, the Court applied § 10110.6 to void

8    discretionary language in an ERISA plan document.  No. 13-cv-02860, 2014 WL 2918863, at *6

9    (N.D. Cal. June 25, 2014).  The Court in *Rapolla* explained that to limit § 10110.6's application to

10   insurance policy provisions and not also apply it to discretionary clauses located in plan

11   documents "would render section 10110.6 'practically meaningless,' as 'ERISA plans could grant

12   discretionary authority to determine eligibility under an insurance policy, so long as the grants

13   were set forth somewhere other than in the insurance policy.'"  *Id.* (citing *Gonda*, 10 F. Supp. 3d

14   at 1095).

15        The same is true here.  Defendant cannot sidestep § 10110.6's reach by including such

16   language in the Plan rather than in the Policy itself.  This is especially true here, where the terms

17   of a 2015 "restatement" of the Plan state that in the event of a conflict between the terms of the

18   Plan and the terms of the Policy, the terms of the Policy will control.  *See* Dkt. No. 41, Ex. 5 at

19   PRU005266.  Moreover, the Plan appears to summarize information relating to the administration

20   of various benefit plans, including the LTD benefits at issue.  *See generally* Dkt. No. 41, Ex. 5.

21   As such, the Court finds that the Plan is substantially similar to other SPDs containing

22   discretionary clauses that courts have found void under § 10110.6.  *See Gonda*, 10 F. Supp. 3d at

23   1095; *see also Snyder v. Unum Life Ins. Co. of Am.*, No. cv 13-07522, 2014 WL 7734715, at *8-9

24   (C.D. Cal. Oct. 28, 2014) (listing cases finding that § 10110.6 applied to SPDs).  Defendant cites

25   no authority to support its argument that § 10110.6 should be limited to insurance policies only, or

26   its assertion that the application of § 10110.6 to void discretionary language in related plan

27   documents would "convert those [employer drafted] documents to insurance contracts" and

28   convert employers into insurers.  *See* Dkt. No. 41 at 6-7.  Because multiple courts in this circuit

7

United States District Court
Northern District of California

1   have rejected arguments similar to Defendant's, and Defendant proffers no contrary authority, the

2   Court finds that § 10110.6 applies to the Plan document and SPDs here and voids any grant of

3   discretion therein.

4          **B.**    **ERISA Preemption of California Insurance Code § 10110.6**

5       Defendant next contends that, even if § 10110.6 is applicable, it is preempted by ERISA.

6   Dkt. No. 41 at 8.  While it is true that ERISA's provisions generally "supersede any and all State

7   laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C.

8   § 1144(a), ERISA includes a "savings clause," whereby state laws that "regulate[] insurance,

9   banking, or securities" are saved from ERISA preemption.  *See* 29 U.S.C. § 1144(b)(2)(A);

10  *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 334 (2003).  The Supreme Court has

11  held that to fall within the scope of the savings clause, the state law must (1) be "specifically

12  directed toward entities engaged in insurance," and (2) "substantially affect the risk pooling

13  arrangement between the insurer and the insured."  *Miller*, 538 U.S. at 341-42.

14      Defendant contends that because there is no dispute that the Plan and the LTD benefits at

15  issue are governed by ERISA and the state law "relate[s] to" an employee benefit plan, § 10110.6

16  falls within the scope of ERISA preemption.  *See* Dkt. No. 41 at 8; 29 U.S.C. § 1144(a).

17  Defendant also argues that § 10110.6 is not saved from preemption here because the Plan is not an

18  insurance contract and JPMCB is not an insurer, such that application of § 10110.6 would violate

19  the first prong of the savings clause as not being "directed toward entities engaged in insurance."

20  *See* Dkt. No. 41 at 8-9; *Miller*, 538 U.S. at 342.

21      The Court is not persuaded.  While the Ninth Circuit has not specifically addressed the

22  application of § 10110.6 in the ERISA context, it has examined a similar Montana state practice of

23  disapproving of discretionary clauses in ERISA plans.  *Standard Ins. Co. v. Morrison*, 584 F. 3d

24  837, 842 (9th Cir. 2009).  In *Morrison*, a plaintiff insurer challenged the Montana insurance

25  commissioner's practice of rejecting proposed disability insurance policies that contained

26  discretionary clauses.  *Id*. at 840-841.  The Court held that the commissioner's practice was saved

27  from ERISA preemption for two reasons.  *Id*. at 845.  First, reasoning that "ERISA plans are a

28  form of insurance" and that "the [commissioner's] practice regulates insurance companies by

United States District Court
Northern District of California

1   limiting what they can and cannot include in their insurance policies," the Court found that the

2   commissioner's practice was sufficiently directed toward entities engaged in insurance. *Id*. at 842.

3   Second, the Court explained that because "insureds may no longer agree to a discretionary clause

4   in exchange for a more affordable premium," the practice of disapproving discretionary clauses

5   substantially affected the risk pooling arrangement. *Id*. at 844-45. Accordingly, the Court held

6   that "[t]he practice of disapproving discretionary clauses is thus saved from preemption under 29

7   U.S.C. § 1144(a) by the saving clause in section 1144(b)." *Id*. at 845.

8       Section 10110.6 is similarly saved from preemption because it satisfies both prongs of the

9   savings clause. First, § 10110.6 is directed toward entities engaged in insurance because it

10  prohibits insurers from including discretionary clauses in ERISA policies, thereby "limiting what

11  [insurers] can and cannot include in their [] policies." *See Morrison* 584 F. 3d at 842; *Miller*, 538

12  U.S. at 341-42. Second, § 10110.6 substantially affects risk pooling arrangements by preventing

13  bargaining over discretionary clauses in exchange for lower premiums. *See Morrison* 584 F. 3d at

14  845. Guided by the Court's analysis in *Morrison*, multiple district courts in this circuit have so

15  found. *See, e.g.*, *Jahn-Derian v. Metropolitan Life Ins. Co.*, No. cv-13-7221, 2015 WL 900717, at

16  *4 (C.D. Cal. Mar. 3, 2015); *Murphy*, 2016 WL 5682567, at *8; *Gallegos*, 2017 WL 35517, at *4;

17  *Rapolla*, 2014 WL 2918863, at *6.[2]

18      Defendant's final argument that the policy goals of ERISA support a finding of § 10110.6

19  preemption is unpersuasive. Dkt. No. 41 at 9. Specifically, Defendant contends that ERISA aims

20  to encourage employers to provide benefits to employees under a uniform regulatory regime with

21  minimal administrative and litigation costs. *See* Dkt. No. 41 at 9. However, the Supreme Court

22  has expressly rejected that rationale. *See Firestone*, 489 U.S. at 114-15 (holding that while *de*

23  *novo* review would "impose much higher administrative and litigation costs and therefore

24

25  _____

    [2] Defendant briefly argues that under ERISA's Deemer Clause, no employee benefit plan shall be
26  deemed to be an insurance company for purposes of any state law purporting to regulate insurance.
    Dkt. No. 41 at 7; *see* 29 U.S.C. § 1144(b)(2)(B). However, Defendant does not cite authority
27  establishing that the Deemer Clause is applicable in this case. Because the Supreme Court has
    only applied the Deemer Clause to exempt "self-funded ERISA plans" from the savings clause,
28  and neither party contends that the Plan at issue is self-funded, the Court finds the Deemer Clause
    inapplicable. *See FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990).

discourage employers from creating benefit plans . . . the threat of increased litigation is not sufficient to outweigh the reasons for a *de novo* standard.").  Accordingly, the Court finds that § 10110.6 is not preempted by ERISA.

**IV.     CONCLUSION**

For the reasons discussed above, the Court finds that because § 10110.6 applies and is not preempted by ERISA, any discretionary language contained within the Policy, SPDs, and the Plan is void.  The Court thus finds *de novo* review appropriate, **GRANTS** Plaintiff's motion for partial summary judgment, and **DENIES** Defendant's motion.  The Court also **SETS** a Case Management Conference for April 11, 2017 at 2:00 p.m.  The parties are directed to meet and confer before filing their joint case management statement regarding a proposed case schedule.

**IT IS SO ORDERED.**

Dated:  3/27/2017

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge